# Decisions of the Supreme Court of Missouri,

---

## RAVENSCROFT *v.* GIBONEY.

Parol evidence is admissible to prove the loss and the contents of executions, together with the return thereon. (Note *a.*)

### IN ERROR.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action of debt brought by Ravenscroft against Giboney, before a Justice of the Peace, for certain moneys by him received to the use of Ravenscroft. The plaintiff had judgment. The cause was taken to the Circuit Court, and by a bill of exceptions taken at the trial, the following facts appear: that Ravenscroft was a Constable, and as such Constable, executed certain process, and had thereon due to him, as Constable, divers sums of money as he alledged; that afterwards, Giboney became Constable, and that executions were issued on the judgments in the cases where Ravenscroft had fees due to him. The plaintiff, to prove his case, exhibited the docket of the Justice of the Peace, which had been deposited in the Clerk's office, and then offered to prove, by the Justice and Clerk, that the executions were lost, and also the fact that the executions were returned satisfied, which evidence was refused by the Court, and the opinion of the Court excepted to, whereupon the defendant had judgment. The only question is, whether it is competent to supply a lost record in this way. In *Peake's Evidence*, 29 and 30, we find the law to be, that in some cases where it has been clearly shown, that a record once existed which had been since destroyed, evidence of its contents has been admitted. Especially in cases where the record is only inducement to an action; but in such cases the most strong and satisfactory evidence is required; and that the collateral evidence must prove the same facts that the regular evidence would have done, if in existence. The same book goes on to say,

48*

that this species of evidence is only applicable where very ancient records are lost; for (2) if a rent roll be lost, and its contents can be ascertained, the Court will permit a new one to be engrossed. This law we deem sufficient to authorize the party in this case to prove the loss and the contents of the executions, together with the return thereon, though the record may not have been very ancient; for in this case, the Justice appears to have resigned, and puts his papers in the Clerk's office, where, by law, they should be, in such a case; and now no new execution could be made out.

The judgment is reversed and sent back for a new trial.

(a.) See Graham v. O'Fallon, 3 Mo. R., p. 507.